UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**DARYL LEE,**
    **Plaintiff,**

                  vs.                  04-1071

**DR. JOHNSON, et al.,**
    **Defendants.**

**ORDER**

This case is before the court for consideration of the defendant, Johnson's, motion for summary judgment, d/e 33. The plaintiff has failed to file a response to the motion and the court will consider the motion as though it is unopposed.

The following undisputed facts are taken from the defendant's statement in support of his motion.

1. On April 20, 2003, Daryl Lee was an inmate at the Peoria County Jail. Johnson Affidavit at 2.
2. On April 20, 2003, Pamela Hibbert was a registered nurse on duty at the Peoria County Jail. Hibbert Affidavit (Exhibit 1) at 1.
3. At approximately 12:15 pm on April 20, 2003, immediately after Plaintiff's alleged fall from his bunk bed, Lee was placed on a back board and transported by gurney to the medical area of the jail. Hibbert Affidavit at 3; Exhibit 2 at 1 (Medical Progress Notes).
4. Lee was promptly examined by Nurse Hibbert, who thereafter consulted with Dr. Johnson regarding Lee's treatment. Hibbert Affidavit at 2, 4; Johnson Affidavit (Exhibit 3) at 3.
5. Dr. Johnson and Nurse Hibbert agreed that Lee did not need to be taken to the hospital and did not need any diagnostic testing at that time. Hibbert Affidavit at 4; Johnson Affidavitat 3.
6. During and subsequent to his initial examination, Lee was uncooperative and demanding of the jail staff and medical staff. Hibbert Affidavit at 5.
7. Lee was given Tylenol for his complaint of pain. Hibbert Affidavit at 4; Johnson Affidavit at 3.
8. Lee was seen and evaluated by Dr. Johnson on the morning following his claimed injury. Johnson Affidavit at 4.
9. Dr. Johnson conducted a physical examination of Lee and determined that he did not need to be taken to the hospital and did not require any x-rays or other diagnostic testing at that time. Johnson Affidavit at 4.
10. Dr. Johnson recommended that Lee continue using Tylenol for pain relief and that he be moved to a low bunk. Johnson Affidavit at 4.11. In the expert opinion of Dr. Johnson, Lee was given adequate and appropriate medical care for his claimed injuries. Johnson Affidavit at 5.
11. On May 31, 2005, Daryl Lee failed to appear for his scheduled deposition. Certificate

of Non-Appearance (Exhibit 4).

". . . [F]ailure to respond by the nonmovant as mandated by the local rules results in an admission. . . (citation omitted).  A district court is not required to 'wade through improper denials and legal argument in search of a genuinely disputed fact.'"  *Smith v. Lamz*, 2003 WL 730093 * 2 (7th Cir. 2003), *quoting Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000).

Central District of Illinois Local Rule 7.1(2) provides that ". . .[F]ailure to respond shall be deemed an admission of the motion [for summary judgment]."  Additionally, the plaintiff was warned that the defendants' statement of facts would be accepted as true if the plaintiff failed to submit evidence to contradict those statements.

**It is therefore ordered:**

1. Te defendants motion for summary judgment d/e 33 is allowed and the clerk is directed to enter judgement in favor of the defendant and against the plaintiff.  The parties shall bear their own costs.  The case is terminated.
2. If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a)(4).  A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(c).  If the plaintiff does choose to appeal, he will be liable for the $255.00 appellate filing fee irrespective of the outcome of the appeal.  Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another strike under 28 U.S.C. 1915(g).

Enter this __23rd___ day of March 2006.

s\Harold A. Baker
_____
Harold A. Baker
United States District Judge